Filed 8/25/25  Marriage of Bucala CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re the Marriage of MATTHEW BUCALA and KIM BUCALA. | |
| MATTHEW BUCALA,<br>        Respondent,<br>v.<br>KIM BUCALA,<br>        Appellant. | A169737<br><br>(Contra Costa County<br>Super. Ct. No. D22-03502) |

Kim Bucala (Wife) appeals from the family court's prejudgment order directing the sale of the marital home unless Wife buys out the community property share of respondent Matthew Bucala (Husband) within a specified time period.  We reverse.

BACKGROUND

The dissolution petition was filed in August 2022.  In August 2023, Husband filed a request for an order directing the sale of the marital residence.  Husband averred that, other than his retirement accounts which the parties were in the process of dividing, "the only other noteworthy asset in this case is the marital residence that Wife[] occupies.  [Husband] has made attempts individually and by and through counsel to begin the process of selling the marital residence but [Wife] refuses.  [Wife], through her

1

counsel, has indicated repeatedly that the sale of the residence will be challenging given [Wife]'s health issues. If the sale is going to be challenging for [Wife], the sooner the parties get started on the process at all, the better. Neither party can afford to buy the other one out of the residence. Presently, [Wife] is in charge of making the mortgage payments which she repeatedly makes on a late basis, putting both parties at risk of credit consequences. [Husband] requests that this court order the sale of the marital residence and order that both parties, and their counsel, cooperate to effect that sale." Husband submitted no other evidence, did not identify any authority for the requested order, and did not file a memorandum in support of the request.

Wife filed an opposition. She submitted a declaration denying that she paid mortgage payments late, and also submitted a portion of her credit report indicating that all payments on a mortgage account had been paid on time. With respect to the possibility of a buyout, Wife averred that the parties had incomplete information and "simply do not know if a buyout will be possible." Wife also averred that Husband's preliminary disclosure had been incomplete. Wife's memorandum in support of her opposition identified Family Code section 2108[1] as the relevant statute and argued Husband's request did not comply with its provisions. Husband did not file a reply.

The hearing was not reported but Wife prepared a settled statement that was certified by the family court. (Cal. Rules of Court, rule 8.137.) According to the settled statement, neither side presented witnesses or documentary evidence at the hearing. The settled statement contains no

[1] All undesignated statutory references are to the Family Code.

2

indication that Husband's attorney disputed or otherwise challenged Wife's evidence regarding her timely mortgage payments.[2]

The family court granted Husband's request. The court gave Wife approximately 90 days to buy Husband out of the marital home and, if she did not do so within the specified time period, ordered that "the property shall be listed for sale." This appeal followed.[3]

## DISCUSSION

Section 2108 provides, in its entirety: "At any time during the proceeding, the court has the authority, on application of a party and for good cause, to order the liquidation of community or quasi-community assets so as to avoid unreasonable market or investment risks, given the relative nature, scope, and extent of the community estate. However, in no event shall the court grant the application unless, as provided in this chapter, the appropriate declaration of disclosure has been served by the moving party."

Wife argues Husband established neither that the sale was necessary to avoid unreasonable market or investment risks, nor that he had served the appropriate declaration of disclosure. We agree with Wife as to the former, and therefore need not decide the latter.

---

[2] Husband did not propose any amendments to Wife's proposed settled statement. (See Cal. Rules of Court, rule 8.137(e) [the respondent has opportunity to propose amendments to the appellant's proposed statement].)

[3] The prejudgment order is appealable as effectively granting injunctive relief. (Code Civ. Proc., § 904.1, subd. (a)(6); *PV Little Italy, LLC v. MetroWork Condominium Assn.* (2012) 210 Cal.App.4th 132, 142–143 ["Whether a particular order constitutes an appealable injunction depends not on its title or the form of the order, but on ' "the substance and effect of the adjudication." ' [Citation.] An injunction . . . may command a person to perform a particular act."].)

3

We review the family court's implied finding of fact that Husband established the sale was necessary to avoid unreasonable market or investment risks for substantial evidence. (*SFPP v. Burlington Northern & Santa Fe Ry. Co.* (2004) 121 Cal.App.4th 452, 461 ["appellate courts . . . apply the substantial evidence standard to a superior court's findings of fact"].) We assume, without deciding, that a risk to a party's credit rating satisfies this requirement. In the face of Wife's uncontested documentary evidence showing that all mortgage payments had been made on time, Husband's bare averment to the contrary does not constitute substantial evidence. (*Kuhn v. Department of General Services* (1994) 22 Cal.App.4th 1627, 1633 [" '[I]f the word "substantial" [is to mean] anything at all, it clearly implies that such evidence must be of ponderable legal significance. Obviously the word cannot be deemed synonymous with "any" evidence. It must be reasonable . . . , credible, and of solid value . . . .' "].) Husband submitted no evidence of any other "good cause" justifying the order.

In his response brief, Husband does not contend section 2108 was satisfied, but instead argues the order was justified under section 2550. Section 2550 provides, in its entirety: "Except upon the written agreement of the parties, or on oral stipulation of the parties in open court, or as otherwise provided in this division, in a proceeding for dissolution of marriage or for legal separation of the parties, the court shall, either in its judgment of dissolution of the marriage, in its judgment of legal separation of the parties, or at a later time if it expressly reserves jurisdiction to make such a property division, divide the community estate of the parties equally." As the family court below has entered no judgment of dissolution or legal separation, this statute is inapplicable on its face. To the extent the family court has the authority to order a prejudgment sale in service of dividing the community

4

estate equally, it abused its discretion by doing so absent any evidence of the necessity and equity of such a step.  (Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2025) ¶ 5:121.1 ["making a 'de facto determination' on disputed facts that the objecting spouse will not be prejudiced by the sale order[] effectively 'disables' the court from fully performing its duty under Fam.C. § 2550 et seq. to determine and divide the community estate and, thus, is an abuse of discretion"].)

Accordingly, the family court erred in granting Husband's request to order the sale of the marital home.[4]

DISPOSITION

The order granting Husband's request for sale of the marital home is reversed and remanded for further proceedings not inconsistent with this opinion.  Wife is entitled to her costs on appeal.

SIMONS, J.

We concur.

JACKSON, P. J.
CHOU, J.

(A169737)

---

[4] Wife also requested sanctions below, which the family court denied. Although Wife asks this court to direct the family court "to re-hear her request for fees as sanctions," Wife presents no argument or authority that the denial of her sanctions request was in error.